NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES MUHAMMAD, | No. C06-05552 HRL |
| Plaintiff, | **ORDER THAT THIS CASE BE REASSIGNED AND RECOMMENDATION THAT THE COMPLAINT BE DISMISSED** |
| v. | |
| KEN SALAZAR, et al., | |
| Defendants. | |
| _____/ | |

On September 11, 2006, plaintiff filed the instant lawsuit, along with an application to proceed *in forma pauperis*. This action appears to be one of a number of lawsuits filed by plaintiff in this district.[1] Based upon that application and the file in this matter,

IT IS ORDERED that this case be reassigned to a District Court Judge with the recommendation that the complaint be dismissed with leave to amend.[2] Under 28 U.S.C. §

---

[1] In addition to the instant action, it appears that plaintiff has filed at least thirteen other lawsuits in this district within the past month. See Muhammad v. Dep't of Labor, et al., No. C06-04893 JF (filed 8/14/06); Muhammad v. U.S. Dep't of Transp., No. C06-04914 RMW (filed 8/15/06); Muhammad v. Dep't of Energy, et al., No. C06-04916 JF (filed 8/15/06); Muhammad v. California, No. C06-04953 JW (filed 8/16/06); Muhammad v. New Mexico, No. C06-04954 JF (filed 8/16/06); Muhammad v. U.S. Dep't of Housing and Urban Dev., No. C06-05298 CRB (filed 08/29/06); Muhammad v. Kelly Village Apartment, et al., No. C06-05299 BZ (filed 8/29/06); Muhammad v. U.S. Health and Human Servs., No. C06-05300 JL (filed 8/29/06); Muhammad v. FBI-Utah, No. C06-05360 MJJ (filed 8/31/06); Muhammad v. 2 NBC, No. C06-05361 JSW (filed 8/31/06); Muhammad v. Kassig, et al., No. C06-05362 MMC (filed 8/31/06); Muhammad v. Kerry, et al., No. C06-05533 RMW (filed 9/11/06); and Muhammad v. Craig, et al., No. C06-05548 RMW (filed 9/11/06).

[2] Absent consent of all parties, a magistrate judge does not have the authority to make case-dispositive rulings. See, e.g., Tripati v. Rison, 847 F.2d 548, 549 (9th Cir. 1988).

1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). However, the court may deny *in forma pauperis* status if it appears from the face of the proposed complaint that the action is (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See id., § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989).

In the instant case, plaintiff's complaint fails to state a claim upon which relief may be granted. Indeed, the one-page pleading is exceedingly sparse, alleging only that the named defendants have violated the Fourth, Fifth, Sixth and Eighth Amendments. Plaintiff also requests "an immediate hearing on a Temporary Restraining Order" and seeks leave to "proceed as a Class Action Law Suit." However, the complaint is utterly devoid of any factual allegations supporting plaintiff's conclusion that constitutional violation(s) have occurred. Nevertheless, a plaintiff proceeding pro se should be given an opportunity "to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000). Based on the record presented, it is not possible to determine whether plaintiff will be able to file an amended complaint that states a claim for relief against any of the defendants. Accordingly, the complaint should be dismissed with leave to amend.

Dated:   September 20, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

A copy of this order will be mailed to:

Charles Muhammad
P.O. Box #60501
Sunnyvale, CA 94088

Dated:   9/25/06                    _____/s/_____
                                    Chambers of Magistrate Judge Lloyd